**UNITED STATES of America,**
**Appellee,**

**v.**

**Eduardo Antonio SERNA, Defendant–Appellant.***

**No. 07–5288–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 11, 2009.

* The Clerk of Court is directed to amend the official caption in this case to conform to the caption shown above.

B. Alan Seidler, New York, NY, for Appellant.

Walter M. Norkin, Assistant United States Attorney, of Counsel (Emily Berger, Assistant United States Attorney, of counsel, on the brief) for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: GUIDO CALABRESI, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Eduardo Antonio Serna challenges a November 21, 2007 judgment of the District Court sentencing defendant principally to 70 months' imprisonment to be followed by five years of supervised release, entered by the Court after he pleaded guilty, with no plea agreement, to conspiring to distribute and to possess with intent to distribute 50 grams or more of cocaine base, *see* 21 U.S.C. §§ 846(b), 841(b)(1)(A)(iii), and to distributing and possessing with intent to intent to distribute 50 grams or more of cocaine base, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii). On appeal, defendant contends that (1) the sentence imposed by the District Court was procedurally and substantively unreasonable and (2) he received ineffective assistance of counsel. We assume the parties' familiarity with the facts and procedural history of the case.

■ Defendant's sentence was neither procedurally nor substantively unreasonable. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir.2008) (*en banc*) ("[A]ppellate scrutiny [of sentences] encompasses two components: procedural review and substantive review."). It is undisputed that the District Court identified the proper Guidelines range, acknowledged that the range was advisory, and considered the factors set forth in 18 U.S.C. 3553(a). *See United States v. Rattoballi*, 452 F.3d 127, 131–32 (2d Cir.2006) (reasoning that, whether a sentence is "procedurally reasonable" depends on "whether the district court properly (a) identified the Guidelines range supported by the facts found by the court, (b) treated the Guidelines as advisory, and (c) considered the Guidelines together with the other factors outlined in 18 U.S.C. § 3553(a)"). We note, in particular, that the District Court correctly applied U.S.S.G. § 2D1.1 cmt. n. 10, as written, *see United States v. Crosby* 397 F.3d 103, 115 (2d Cir.2005) (noting that district courts must consider "the applicable Guidelines range (*or arguably applicable ranges*) as well as the other factors listed in [S]ection 3553(a)" (emphasis added)), and that defense counsel did not object to the District Court's Guidelines calculation. Moreover, we find that the sentence imposed by the District Court, which was at the bottom of the recommended Guidelines range, was substantively reasonable.

■ Although we have "expressed a baseline aversion to resolving ineffectiveness claims on direct review, ... [we have] entertained ineffective assistance claims

for the first time on direct appeal when their resolution is beyond any doubt or to do so would be in the interest of justice." *United States v. Khedr*, 343 F.3d 96, 99–100 (2d Cir.2003) (internal quotation marks omitted). In this case, we are able to conclude, beyond any doubt, that defendant, who avoided a ten-year statutory mandatory minimum sentence because he obtained "safety valve" relief, *see* 18 U.S.C. § 3553(f)(5), cannot meet the high bar for demonstrating ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Two of defendant's proffered grounds for ineffective assistance are factually incorrect inasmuch as, contrary to defendant's contentions on appeal, (1) defendant never entered into a plea agreement and (2) trial counsel did indeed seek a departure based on defendant's purportedly minor role in the offense. Moreover, we decline to second guess trial counsel's decision not to contest defendant's involvement in drug transactions with co-defendant Janet Quijano. Had defendant contested those charges at trial or not received safety-valve relief he could have been subject to a ten-year mandatory minimum sentence. *See United States v. Gaskin*, 364 F.3d 438, 470 (2d Cir.2004) ("A defense attorney does not render objectively unreasonable representation when he advises his client to act in a way that secures a reduced sentence.").

## CONCLUSION

For the reasons stated above, the November 21, 2007 judgment of the District Court is AFFIRMED.